**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

U.S. TRUCK COMPANY HOLDINGS, INC.,

        Debtor.                              Case No. 05-CV-70961-DT
                                                 Bankr. No. 99-59972
_____/

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND,

        Appellant/Cross-Appellee,

v.

U.S. TRUCK COMPANY HOLDINGS, INC.,

        Appellee/Cross-appellant
_____/

**ORDER GRANTING MOTION TO DISMISS CROSS-APPEAL**

This matter is before the court on Central States, Southeast and Southwest Areas Pension Fund's ("Central States's") "Motion to Dismiss Cross-Appeal" pursuant to the time requirements prescribed by Rule 8002 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the court will grant Central States's "Motion to Dismiss Cross-Appeal."

**I. BACKGROUND**

U.S. Truck Co. Holdings, Inc. ("Debtor" or "U.S. Truck") filed for protection from its creditors under Chapter 11 of the U.S. Bankruptcy Code on December 23, 1999. Subsequently, on April 28, 2000, Central States filed two claims for withdrawal liability

based on Debtor's partial and subsequent complete withdrawal from a multi-employer pension fund plan under 29 U.S.C. § 1391.

On June 26, 2003, U.S. Truck filed a notice for an interlocutory appeal with this court resulting from an unfavorable May 13, 2003 opinion of the bankruptcy court. This court exercised its discretionary authority to not hear the interlocutory appeal, however, because the bankruptcy court had not yet ruled on U.S. Truck's status regarding the trucking industry exception of 29 U.S.C. 1983(d). The trucking industry exception of 29 U.S.C. 1983(d) completely exempts a debtor from withdrawal liability. The court reasoned that if the trucking exception applied, U.S. Truck would be completely exempt from withdrawal liability and the issues from the May 13, 2003 opinion of the bankruptcy court would become moot.

On January 27, 2005, the bankruptcy court ruled on summary judgment that U.S. Truck fell within the trucking industry exception of 29 U.S.C. 1983(d) and was completely exempt from withdrawal liability to Central States. (Central States's Mot. at Ex. 1.) This decision resulted in the dismissal of Central States's two claims of withdrawal liability against U.S. Truck, (U.S. Truck's Resp. at 3) and rendered the issues from the bankruptcy court's May 13, 2003 opinion moot. (U.S. Truck's Resp. at 1-3.) U.S. Truck does not contend that the May 13 opinion is a necessary part of the bankruptcy court's order of January 27, 2005.

On February 7, 2005, Central States filed its notice of appeal from the bankruptcy court's January 27, 2005 decision. (Central States' Mot. at Ex. 2.) Subsequently, on March 11, 2005, U.S. Truck filed its notice of cross-appeal as to an earlier May 13, 2003 ruling of the bankruptcy court. (*Id.* at Ex. 3.) Presently, the issues from the May 13,

2003 ruling of the bankruptcy are moot and will remain so, unless the court reverses the January 27, 2005 decision of the bankruptcy court. (U.S. Truck's Resp. at 1-3.)

## II.  DISCUSSION

Time requirements for filing a notice of appeal from a bankruptcy judgment are governed by Rule 8002 of the Federal Rules of Bankruptcy Procedure. The relevant part of this rule provides:

> The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.

Fed. R. Bankruptcy P. 8002(a).[1] Failure to comply with this time requirement deprives the district court of its jurisdiction. *In re Burns*, 322 F.3d 421, 429-430 (6th Cir. 1999). *See also, Considine v. Atkinson,* No. 98-6455, 1999 WL 644352, at *2 (6th Cir. Aug. 18, 1999) ("[U]ntimely filing of a notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order.").

The bankruptcy court entered its final order on January 27, 2005, and Central States filed its notice of appeal from this order with the court on February 7, 2005. U.S. Truck, however, did not file its notice of cross-appeal until March 11, 2005 - thirty-two days after Central States filed its notice of appeal. Accordingly, U.S. Truck did not abide by the ten-day requirement set forth by Rule 8002 of the Federal

---

[1] The ten-day time requirement for filing a notice of a bankruptcy appeal is calculated pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

Rules of Bankruptcy Procedure for filing its notice of appeal, and the court is deprived of its jurisdiction to review a cross-appeal from the bankruptcy court's order dated January 27, 2005.

Although Rule 8002 of the Federal Rules of Bankruptcy Procedure sets forth strict time requirements for filing a notice of appeal from a bankruptcy court order, the court may grant an extension for filing an notice of appeal upon written motion by the party seeking an extension.  Fed. R. Bankruptcy P. 8002(c)(2).  Rule 8002(c)(2) of the Federal Rules of Bankruptcy Procedure provides:

> **A request to extend the time for filing a notice of appeal must be made by written motion** filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.  An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

*Id.* (emphasis added).   This extension exception does not apply to U.S. Truck.  U.S. Truck has not filed a written motion with the court requesting an extension of the ten-day time requirement.  Furthermore, U.S. Truck has failed to make any showing of excusable neglect.  Moreover, even if U.S. Truck attempted to make a showing of excusable neglect, the court lacks jurisdiction to retroactively extend the period for filing a notice of appeal because pursuant to Rule 8002(c)(2) more than twenty days have elapsed since the expiration of the time for filing a notice of appeal.  Accordingly, the court lacks jurisdiction to review U.S. Truck's appeal, and it must be dismissed.

U.S. Truck contends that its cross-appeal is "protective" and is not subject to the time limitations of Rule 8002, but fails to establish any independent basis for an appeal

of right.  (*See* U.S. Truck's Resp. at 1, 4, 5.)  U.S. Truck does not argue that the May 13, 2003 determinations are a necessary part of a final order from the bankruptcy court, *see* 28 U.S.C. § 158, nor does it identify any basis for the court's jurisdiction outside of the appeal filed by Central States.[2]  Indeed, in its appeal brief, U.S. Truck specifically relies on Rule 8002 stating that "[p]ursuant to 28 U.S.C. § 158(a), this Court has jurisdiction over the appeal of the January 27, 2005 Orders and the interlocutory issues previously presented to this Court."  (U.S. Truck 6/13/05 Br. at 1.)  Further, U.S. Truck concedes that the factual and legal issues of the bankruptcy court's May 13, 2003 opinion are presently moot, (U.S. Truck's Resp. at 1-3), and the nature of its appeal is interlocutory.  (*Id.* at 5.)  Unless the court reverses the January 27, 2005 decision of the bankruptcy court, the issues from the bankruptcy court's May 13, 2003 opinion will remain moot.

Even if the court accepted the argument that Rule 8002 does not apply because of the interlocutory nature of the cross-appeal (a position not supported with any legal authority), U.S. Truck has failed to identify, and the court finds, no basis to exercise jurisdiction over the cross-appeal.  The court has already refused to exercise its discretionary authority to hear U.S. Truck's interlocutory appeal of June 26, 2003, reasoning that the issues raised might be mooted if the bankruptcy court determined

---

[2] The district court has jurisdiction over appeals from final orders of the bankruptcy court in core proceedings and may exercise discretion to hear some interlocutory appeals.  28 U.S.C. §§ 157(b)(2) & 158(a).  A final order of a bankruptcy court may be appealed as of right under § 158(a)(1), *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997), but under § 158(a)(3), a decision to grant leave to appeal from an interlocutory bankruptcy order falls within the sound discretion of the district court.  *In re M.T.G. Inc.*, 298 B.R. 310 (E.D. Mich. 2003).

that the trucking exception in 29 U.S.C. § 1983(d) applied.  The court declines the present invitation to, in essence, reconsider its prior determination.

### IV.  CONCLUSION

IT IS ORDERED that Central States's "Motion to Dismiss Cross Appeal" [Dkt. # 6] is GRANTED.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  July 13, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Teets  
Case Manager and Deputy Clerk  
(313) 234-5522