**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

U.S. TRUCK COMPANY HOLDINGS, INC.,

       Debtor.                                Case No. 05-CV-70961-DT
                                                                                  Bankr. No. 99-59972

_____/

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND,

              Appellant/Cross-Appellee,

v.

U.S. TRUCK COMPANY HOLDINGS, INC.,

              Appellee/Cross-appellant
_____/

**ORDER DENYING "MOTION FOR AMENDMENT . . ."**

      Pending before the court is a "Motion for Amendment of the Court's July 13, 2005 Order," filed by U.S. Truck Co. Holdings, Inc. ("U.S. Truck") on August 12, 2005. Central States, Southeast and Southwest Areas Pension Fund ("Central States") filed a response brief on August 26, 2005. Having reviewed the briefs,[1] the court concludes a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

---

      [1]U.S. Truck filed its initial brief in support of its motion on August 12, 2005, under the incorrect case number. (*See* Dkt. # 16.) Thereafter, U.S. Truck filed a "supplemental" brief under the correct case number on August 16, 2006. (*See* Dkt. # 19.) Although the briefs appear to be substantively identical, the pagination was somehow affected in the supplemental brief. For clarity's sake, the court will cite to the August 16, 2006 brief.

## I.  BACKGROUND

This case involves an attempt to appeal from various orders of the bankruptcy court.  Specifically, on February 7, 2005, Central States filed a notice of appeal from the bankruptcy court's January 27, 2005 order.  Thereafter, on March 11, 2005, U.S. Truck filed a notice of cross-appeal as to an earlier May 13, 2005 ruling of the bankruptcy court.[2]  On July 13, 2005, the court issued an order granting Central States's "Motion to Dismiss Cross-Appeal."  Specifically, the court found that it lacked jurisdiction over U.S. Truck's cross-appeal because (1) U.S. Truck failed to timely file (or seek an extension of time to file) its notice of cross-appeal under Federal Rule of Bankruptcy Procedure 8002; (2) no independent basis for jurisdiction was identified by U.S. Truck; and (3) the court had already rejected a previous attempt to file an interlocutory appeal from the May 13, 2005 order.  (*See* 7/13/05 Order at 4-6.)

On August 12, 2005, U.S. Truck filed the instant motion, asking the court to amend its July 13, 2005 order "by way of clarification to indicate that the cross-appeal was interlocutory and premature as filed, and that the Court's Order dos [sic] not bar a future appeal at such time as the May 13, 2003 Memorandum Opinion is neither interlocutory nor moot."  (Mot. at ¶ 19.)[3]

---

[2]This court had previously denied U.S. Truck's June 26, 2003 attempt to file an interlocutory appeal of the May 13, 2003 opinion.

[3]The parties debate whether U.S. Truck's motion is timely.  *See* Fed. R. Civ. P. 59(e).  The court need not definitively decide this issue because (1) the motion will be denied on the merits and (2) the motion was timely filed under Federal Rule of Civil Procedure 60, which requires that such motions be brought, depending on the particular subsection, either within a reasonable time or within one year.  *See* Fed. R. Civ. P. 60(b).  As a factual matter, however, the court specifically finds that U.S. Truck was served with a copy of the July 13, 2005 Order on July 14, 2005, rather than August 1,

## II.  DISCUSSION

The court finds that U.S. Truck is not entitled to its requested relief.  First, U.S. Truck has not presented any valid basis for amending the July 13, 2005 order pursuant to Federal Rule of Civil Procedure 59(e).  A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e).  *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003).  "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

U.S. Truck argues that a manifest injustice "may in the near future" occur if the court does not amend its July 13, 2005 order to dismiss U.S. Truck's claims as premature rather than untimely.  (U.S. Truck's Mot. Br. at 2.)  Specifically, U.S. Truck argues that *if* U.S. Truck at some point in the future attempts to appeal the bankruptcy court's May 13, 2005 order and *if* Central States argues that the July 13, 2005 order forecloses any such attempt than this court *may* hold that U.S. Truck's previous untimely appeal bars any further appeal.  (*Id.*)  The court finds U.S. Truck's theoretical argument too attenuated and speculative to justify granting the requested relief.

---

2005 or August 8, 2005 as U.S. Truck somewhat ambiguously asserts.  (*See* U.S. Truck's Mot. Br. at 8.)  U.S. Truck provides no affidavit or other evidentiary support for its assertion that the clerk did not electronically serve the court's order until August 1, 2005 or that U.S. Truck did not "become aware" of the order until August 8, 2005.  In the absence of compelling evidence to the contrary, the court accepts the electronic filing system's confirmation of service as July 14, 2005 at 2:45 p.m.  *See* E.D. Mich. LR, Appx. ECF R8(b); *see also* Notice of Electronic Filing for Dkt. # 14.

3

Importantly, U.S. Truck does not identify any factual or legal error in the court's holding that its cross-appeal was indeed untimely or in the court's holding that such untimeliness deprived this court of jurisdiction to hear the appeal.  Rather, without directly challenging the court's holdings, U.S. Truck argues that the effect of the court's holdings may, some day, result in a manifest injustice.  The court finds that this argument fails to meet the standard for amending a judgment under Rule 59(e). *GenCorp,* 178 F.3d at 834.

Similarly, U.S. Truck has not articulated any basis for relief under Federal Rule of Civil Procedure 60.  Rule 60(b) allows a district court to vacate a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b); *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund,* 249 F.3d 519, 523-24 (6th Cir. 2001).  "By providing that a district court 'may' relieve a party from a final judgment or order, Rule 60(b) allows for some discretion in determining whether to grant such relief." *McCurry ex rel Turner v. Adventist Health Sys./Sunbelt Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).  As such, the court's decision is reviewed for an abuse of discretion.  *Id.*

4

As stated above, U.S. Truck is attempting to foreclose the ability of Central States to raise a potential argument to a potential attempt at a future appeal.  U.S. Truck provides no authority for its unique argument that either Rule 59 or Rule 60 can be used for such purposes.  The central flaw in U.S. Truck's argument is that it does not assert any defect in the court's analysis, but instead argues that the court should dismiss this case for an alternative reason than the one given in the July 13, 2005 order. The court finds that the purpose of Rule 60(b) would not be served by granting U.S. Truck's motion under these circumstances.

The Sixth Circuit has acknowledged that the general purpose of Rule 60(b) "is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Charter Twp. of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (citations omitted).  Furthermore, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'"  *Blue Diamond Coal Co.*, 249 F.3d at 524 (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

In light of these policies, the court is not persuaded that its July 13, 2005 order should be amended in order to allow U.S. Truck to bar Central States from presenting what may or may not be a legitimate argument to what may or may not be a future proper appeal filed by U.S. Truck.   Accordingly, U.S. Truck's motion will be denied.

## IV.  CONCLUSION

IT IS ORDERED that U.S. Truck's "Motion for Amendment of the Court's July 13, 2005 Order"  [Dkt. # 15] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  March 6, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 6, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522